## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TOKIO MARINE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 18-cv-3055 ) ) |
| SPRINGFIELD SHOOTING CENTER, INC., | ) ) JURY DEMAND |
| Defendant. | ) ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, TOKIO MARINE SPECIALTY INSURANCE COMPANY, by and through its undersigned counsel, HEPLERBROOM, LLC, and for its Complaint for Declaratory Judgment against the Defendant, SPRINGFIELD SHOOTING CENTER, INC., states and alleges as follows:

## THE PARTIES

1. Plaintiff, Tokio Marine Specialty Insurance Company ("Tokio Marine") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania.

2. At all times relevant, the Defendant, Springfield Shooting Center, Inc. ("SSC"), was a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 4885 Industrial Drive, Springfield, Sangamon County, Illinois.

3. At all times relevant, Defendant's sole shareholders and corporate officers were John Jackson and Kathryn Jackson, who are residents of Springfield and citizens of the State of Illinois.

**JURISDICTION AND VENUE**

4. Tokio Marine brings this insurance coverage action pursuant to Federal Rule of Civil Procedure No. 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and for the purpose of determining the rights and indemnification obligations, if any, under a policy of commercial insurance for Defendant's claim for benefits thereunder relative to a September 6, 2017 fire loss.

5. For jurisdictional purposes, Plaintiff is a citizen of both Delaware and Pennsylvania, while Defendant is a citizen of Illinois.

6. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. §1332(a)(1), in that the Defendant seeks indemnity damages in excess of $75,000.00 under the Policy, and this action is between citizens of different states.

7. Venue is proper in this district pursuant to 28 U.S.C. 1391(a)(1) and (a)(2), in that the acts and claim activity occurred, and the subject real property giving rise to this action are situated within Sangamon County, Illinois, which lies within the geographical boundaries of the United States District Court for the Central District of Illinois.

8. This matter is ripe for adjudication as there is an actual and justiciable controversy between the parties as to the amounts owed, if any, under the Policy.

**FACTUAL BACKGROUND**

9. At all times relevant, John Jackson and Kathryn Jackson were the Defendant's sole shareholders and corporate officers.

10. Tokio Marine issued a policy of commercial insurance to Defendant for the period August 10, 2017 through August 10, 2018, bearing Policy No. USA PPK1697698 (the "Policy"). (A true and accurate copy of the Policy is attached and incorporated as Ex. A)

11. From August 10, 2017 through August 10, 2018, Defendant was the sole named insured under the Policy.

12. The Policy provided insurance, subject to its terms, conditions, exclusions and endorsements, for the Defendant's business, business personal property and structure located at 4885 Industrial Drive in Springfield, Illinois ("Insured Premises").

13. On September 6, 2017, at approximately 1:00 a.m., a fire occurred at the Insured Premises.

14. On September 5, 2017, the day before the fire, John Jackson, and Defendant's employees Stacey Reyes and Chad Murphy were present at the Insured Premises.

15. On September 5, 2017, at approximately 8:30 p.m., after employees Stacey Reyes and Chad Murphy departed, John Jackson removed items of personal property, including business personal property, from the Insured Premises and placed them in a vehicle.

16. On September 5, 2017, the day before the fire, the Insured Premises was outfitted with an alarm system.

17. When he departed the Insured Premises on the evening of September 5, 2017, John Jackson did not arm the alarm system to an active status, despite Defendant's custom and practice to arm the system upon closure of the business for the day.

18. When he departed the Insured Premises on the evening of September 5, 2017, John Jackson left the front door to the Insured Premises unlocked, despite Defendant's custom and practice to lock the Insured Premises upon closure of the business for the day.

19. Upon information and belief, on September 6, 2017, at approximately 12:56 a.m., video captured an individual entering the Insured Premises through the unlocked front door, while not carrying anything, and leaving approximately eight (8) minutes later.

20. Also upon information and belief, when the individual left the Insured Premises at approximately 1:04 a.m. on September 6, 2017, video captured significant smoke escaping the Insured Premises which was the beginning of the fire that caused the claimed damage to the Insured Premises and Defendant's business personal property.

21. Upon further information and belief, when the individual left the Insured Premises at approximately 1:04 a.m. on September 6, 2017, video indicated that the individual was not carrying anything, and did not remove any firearms, computers, or other personal property belonging to Defendant.

22. The Springfield Fire Department arrived at the Insured Premises at approximately 1:21 a.m. on September 6, 2017, at which times all points of ingress and egress at the Insured Premises were observed to be locked and secured, with the exception of the unlocked front door.

23. Defendant reported the fire loss to Kolhoff Insurance Agency on September 6, 2017, who in turn notified Tokio Marine, initiating Claim No. 1108345 (the "Claim").

24. On September 12, 2017, Defendant retained Dan Long of Gateway Adjusters, Inc. as its public adjuster in connection with the Claim.

25. Tokio Marine then initiated its investigation and adjustment of the Claim, under two reservation of rights letters, respectively issued to Defendant on September 12, 2017 and October 11, 2017.

26. On November 6, 2017, pursuant to the terms and conditions of the Policy, Tokio Marine requested the Defendant to execute a Sworn Statement in Proof of Loss.

27. On or about December 22, 2017, the Defendant, by and through its owner and principal, John Jackson, submitted an incomplete, unsigned Proof of Loss. (A true and accurate copy of the incomplete proof of loss is attached and incorporated as Ex. B)

28.     On January 19, 2018, the Defendant, by and through its owner and principal, John Jackson, submitted an executed Sworn Statement in Proof of Loss (the "Proof of Loss"). (A true and accurate copy of the Proof of Loss is attached and incorporated as Ex. C)

29.     By way of the Proof of Loss, the Defendant claimed the policy limit of $1,500,000 for damage to the Insured Premises, and the policy limit of $125,000 for damage and/or theft of business personal property for an aggregate replacement cost claim of $1,625,000. (Ex. C, Section 7)

30.     By way of the Proof of Loss, the Defendant claimed $1,620,000 for the actual cash value of the Claim under the Policy. (Ex. C, Section 11)

31.     By way of the Proof of Loss, the Defendant made no allocation for applicable depreciation to either the Insured Premises or the business personal property. (Ex. C, Section 11)

32.     By way of the Proof of Loss, the Defendant claimed that a burglary and fire loss occurred at the Insured Premises on September 6, 2017. (Ex. C, Section 1)

33.     By way of the Proof of Loss, the Defendant claimed that the cause and origin of the loss was a burglary to the insured's business and a fire that was set by the burglars. (Ex. C, Section 1)

34.     The Defendant made multiple, material misrepresentations in Proof of Loss that relate to the Claim.

35.     On December 20, 2017, pursuant to the terms and conditions of the Policy, Tokio Marine issued the Defendant a demand to provide various documents material and relevant to the Claim, and to appear for an examination under oath. (A true and accurate copy of the December 20, 2017 letter is attached and incorporated as Ex. D)

36.     On January 29, 2018 and February 12, 2018, John Jackson appeared on behalf of the Defendant for an examination under oath. (True and accurate copies of the transcripts of the January 29, 2018 and February 12, 2018 Examinations under Oath are respectively attached and incorporated as Exhibits E and F)

37.     On February 12, 2018, Kathryn Jackson appeared on behalf of the Defendant for an examination under oath. (A true and accurate copy of the transcript of the February 12, 2018 Examination under Oath is attached and incorporated as Exhibit G)

38.     John Jackson, in his capacity as an authorized representative, owner and officer of Defendant, made material misrepresentations in the January 29, 2018 and February 12, 2018 examinations under oath that related to the Claim, activities prior to and after the fire, and the damages claimed as a result of the fire.

39.     Kathryn Jackson, in her capacity as an authorized representative, owner and officer of Defendant, made material misrepresentations in the February 12, 2018 examination under oath that related to the Claim, activities prior to and after the fire, and the damages claimed as a result of the fire.

## COUNT ONE
*(No Coverage Due to Intentional Acts)*

40.     Tokio Marine adopts and realleges the allegations of Paragraphs 1 through 39 as Paragraph No. 40 as though the same were fully set forth herein.

41.     As a result of the fire, Defendant submitted a Claim for damage to the Insured Premises and business personal property. (Ex. C, Section 6-11)

42.     At all times relevant, the Policy states, in part, as follows:

IL 01 18 02 017

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

## ILLINOIS CHANGES

> **D.** For the Commercial Property Coverage Part and the Standard Property Policy, the following exclusion and related provisions are added to Paragraph **B.2.** Exclusions in the Cases of Loss Forms and to any Coverage Form or policy to which a Causes of Loss Form is not attached:
>
> **1.** We will not pay for loss or damage arising out of any act an insured commits or conspires to commit with the intent to cause a loss.
>
> In the event of such loss, no insured is entitled to coverage, even insureds who did not commit or conspire to commit the act causing the loss.  (Ex. A, pg. 55)

\*\*\*

43. In connection with its investigation of Defendant's Claim, Tokio Marine retained Pyr-Tech to determine the cause and origin of the September 6, 2017 fire at the Insured Premises.

44. Pyr-Tech thereafter undertook a cause and origin investigation, and inspected the Insured Premises on multiple occasions following the fire.

45. Pyr-Tech's cause and origin investigation confirmed four separate and uncommunicated fires within the Insured Premises.

46. Debris samples collected from all four origin areas in the Insured Premises tested positive for the presence of accelerants, including gasoline.

47. Pyr-Tech's cause and origin investigation confirmed there were no competent accidental ignition sources in any of the four separate and unconnected origin areas to have caused any of the fires.

48. Pyr-Tech's cause and origin investigation confirmed each of the fires resulted from the intentional application of an open flame to the vapors of gasoline intentionally applied in the origin areas.

49. Pyr-Tech concluded and opined that the fire at the Insured Premises was incendiary.

50. The Springfield Fire Department conducted its own investigation into the cause and origin of the Defendant's fire and determined the same to be incendiary and/or arson.

51. The Defendant, by and through its owners and principals, John Jackson and Kathryn Jackson, had the motive, means and opportunity to intentionally set the fire that occurred at the Insured Premises and did, in fact, conspire to and intentionally set said fire.

52. On September 6, 2017, and the days preceding the fire, the Defendant stored containers of gasoline and kerosene, a propane cylinder, charcoal lighter fluid, and various solvents at the Insured Premises.

53. John Jackson was the last individual at the Insured Premises prior to the fire.

54. John Jackson did not activate the security alarm at the Insured Premises upon his departure on the evening of September 5, 2017.

55. John Jackson did not lock the front door to the Insured Premises upon his departure, on the evening of September 5, 2017.

56. The Defendant, by and through John Jackson, removed business personal property and cash from the Insured Premises on the evening of September 5, 2017, prior to the fire.

57. John Jackson, removed a riding lawn mower, which he used in connection with an unincorporated landscaping business that provided a source of supplemental income, from the Insured Premises prior to the fire.

58. The Defendant, by and through John Jackson and/or Kate Jackson removed computers and/or other business personal property from the Insured Premises before the fire.

59. There was a preplanned effort by or on behalf of Defendant, John Jackson and/or Kathryn Jackson to set fire to the Insured Premises.

60. The Defendant was under financial strain and/or insolvent immediately prior to the September 6, 2017 fire.

61. The Defendant's owners and officers, John Jackson and Kathryn Jackson were also under financial strain and/or insolvent immediately prior to the September 6, 2017 fire, including their joint and several personal obligation on at least $1,100,000 in outstanding debt.

62. The Defendant, including its owners and principals, John Jackson and Kathryn Jackson, had the motive to intentionally set the fire that occurred at the Insured Premises and did, in fact, conspire to and intentionally set said fire.

63. The September 6, 2017 fire and ensuing Claim was the result of an act an insured committed or conspired to commit with the intent to cause a loss.

64. Any and all potential coverage under the Policy has been voided as a result of the Defendant's intentional and fraudulent conduct as it relates to the Claim and Policy.

WHEREFORE, the Plaintiff, TOKIO MARINE SPECIALTY INSURANCE COMPANY, respectfully requests that this Court, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), enter a declaratory judgment in its favor on Count One of the Complaint and against that that of the Defendant, SPRINGFIELD SHOOTING CENTER, INC., and specifically find, declare and order that:

(A) Tokio Marine has fully complied with the terms and conditions of the Policy pursuant to the Claim;

(B) No coverage is afforded for the Claim due to Defendant's fraudulent and intentional conduct; and

(C) For any and all other relief that this Honorable Court deems necessary and just.

## COUNT TWO
*(No Coverage Due to Dishonest or Criminal Acts)*

65. Tokio Marine adopts and re-alleges the allegations of Paragraphs 1 through 64 of Count One as Paragraph No. 65 as though the same were fully set forth herein.

66. At all times relevant, the Policy states, in part, as follows:

COMMERCIAL PROPERTY<br>CP 10 30 06 07

### CAUSES OF LOSS – SPECIAL FORM
\* \* \*

**B.   Exclusions**

\* \* \*

**2.**   We will not pay for loss or damage caused by or resulting from any of the following:

\* \* \*

**h.**   Dishonest or criminal act by you, any of your partners, members, officers, managers, employees (including leased employees), directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:

**(1)** Acting alone or in collusion with others; or
**(2)** Whether or not occurring during the hours of employment.

This exclusion does not apply to acts of destruction by your employees (including leased employees); but theft by employees (including leased employees) is not covered.  (Ex. A, pg. 84)

67. The September 6, 2017 fire and ensuing Claim was caused and occasioned by dishonest or criminal acts by Defendant, its officers, managers, employees, directors and/or authorized representatives, including, but not limited to John Jackson and Kathryn Jackson.

68. Any and all potential coverage under the Policy has been voided as a result of the Defendant's dishonest or criminal acts as it relates to the Claim and Policy.

WHEREFORE, the Plaintiff, TOKIO MARINE SPECIALTY INSURANCE COMPANY, respectfully requests that this Court, pursuant to the Declaratory Judgment Act, 28 U.S.C. §

2201(a), enter a declaratory judgment in its favor on Count Two of the Complaint and against that that of the Defendant, SPRINGFIELD SHOOTING CENTER, INC., and specifically find, declare and order that:

    (A)    Tokio Marine has fully complied with the terms and conditions of the Policy pursuant to the Claim;

    (B)    No coverage is afforded for the Claim due to Defendant's criminal or dishonest acts; and

    (C)    For any and all other relief that this Honorable Court deems necessary and just.

## COUNT THREE
*(No Coverage Due To Material Misrepresentations)*

69.    Tokio Marine adopts and re-alleges the allegations of Paragraphs 1 through 68 of Counts One and Two as Paragraph No. 69 as though the same were fully set forth herein.

70.    At all times relevant, the Policy states, in part, as follows:

CP 00 90 07 88
**COMMERCIAL PROPERTY CONDITIONS**

\* \* \*

    **A.**    **CONCEALMENT, MISREPRESENTATION OF FRAUD**

    This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you and any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

    **(1)**    This Coverage Part;
    **(2)**    The Covered Property;
    **(3)**    Your interest in the Covered Property; or
    **(4)**    A claim under this Coverage Part. (Ex. A, pg. 77)

71.    The Defendant intentionally concealed and misrepresented material facts concerning the Claim, including but not limited to:

    a.    Cause of the loss;

      b.      Origin of the loss;

      c.      Inventory maintained by Defendant prior to the loss;

      d.      Inventory remaining at the Insured Premises after the loss; and

      e.      Events and circumstances leading up to the loss.

72.     Any and all potential coverage under the Policy has been voided as a result of the Defendant's intentional concealment and misrepresentation of material facts relating to the Claim.

WHEREFORE, the Plaintiff, TOKIO MARINE SPECIALTY INSURANCE COMPANY, respectfully requests that this Court, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), enter a declaratory judgment in its favor on Count Three of the Complaint and against that that of the Defendant and specifically find, declare and order that:

(A)    Tokio Marine has fully complied with the terms and conditions of the Policy pursuant to the Claim;

(B)    No coverage is afforded for the Claim due to the Defendant's conduct of intentionally concealing and misrepresenting material facts concerning the claimed; and

(B)    For any and all other relief that this Honorable Court deems necessary and just.

                                       Respectfully submitted,

                                       **TOKIO MARINE SPECIALTY INSURANCE COMPANY,**

Date: <u>March 23, 2018</u>      By:   <u>/s/ James P. DuChateau, Esq.</u>
                                                        One of Plaintiff's Attorneys

Rick Hammond, Esq.
James P. DuChateau, Esq.
HEPLER BROOM, LLC
30 N LaSalle St., Ste. 2900
Chicago, Illinois 60602
Phone No. (312) 230-9100
Fax No. (312) 230-9201
Email:  rick.hammond@heplerbroom.com
Email:  james.duchateau@heplerbroom.com
***COUNSEL FOR TOKIO MARINE***

**CERTIFICATE OF SERVICE**

    I, James P. DuChateau, hereby certify that on March 23, 2018 a true and correct copy of ***Tokio Marine Specialty Insurance Co.'s Complaint for Declaratory Judgment*** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the all counsel of record who have heretofore appeared in this matter.

                                                      /s/ James P. DuChateau