IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TOKIO MARINE SPECIALTY INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-3055 |
| | ) | |
| SPRINGFIELD SHOOTING CENTER, INC., and STEVEN SWARTZ, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| STEVEN SWARTZ | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOKIO MARINE SPECIALITY INSURANCE CO., | ) | |
| | ) | |
| Counter Defendant. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Tokio Marine Specialty Insurance Co.'s (Tokio) Motion for Default Judgment (d/e 49) (Motion). For the reasons set forth below, the Court denies the Motion with leave to refile after the other remaining claims and counterclaim are resolved.

## BACKGROUND

Defendant Springfield Shooting Center, Inc. (Springfield Shooting) operated a business at 4885 Industrial Drive, Springfield, Illinois (Premises).  Defendant/Counter Plaintiff Steven Swartz was selling the Premises to Springfield Shooting's principals John and Kathryn Jackson on an installment land sales contract.  On August 10, 2019, Tokio issued a commercial insurance policy (Policy) to Springfield Shooting that covered the Premises.

On September 6, 2018, the Premises was damaged by a fire.  Tokio alleges that Springfield Shooting's owner John Jackson intentionally set the fire and filed a fraudulent claim on the Policy.  Tokio seeks a declaratory judgment that all coverage under the Policy is voided as a result of the intentional fraudulent conduct.  Amended Complaint (d/e 30), Counts I,II, and III.  Tokio also seeks a declaratory judgment that any loss by Swartz is not covered by the Policy.  Amended Complaint, Counts IV and V.

Swartz filed a counterclaim asking for a declaratory judgment that he is entitled to coverage under the terms of the Policy.  Defendant Steven Swartz's Answer to First Amended Complaint for Declaratory Judgment and Counterclaim Against Tokio Marine Specialty Insurance Co. (d/e 41) (Counterclaim).

Springfield Shooting initially appeared and defended this case. On February 28, 2019, Springfield Shooting's counsel moved to withdraw from this case. On March 1, 2019, this Court allowed counsel to withdraw. The Court also informed Springfield Shooting that, as a corporation, it had to appear by counsel in this case. Text Order entered March 1, 2019; see Scandia Down Corporation v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir., 1985). The Court gave Springfield Shooting repeated extensions of time to find counsel. Text Order entered April 8, 2019; Text Order entered April 22, 2019; Text Order entered April 30, 2019. Springfield Shooting has failed to secure counsel.

Tokio has now moved for a default judgment against Springfield Shooting. Tokio has further asked for a finding that there is no just reason for delay under Federal Rule of Civil Procedure 54(b) and for entry of a separate final judgment against Springfield Shooting. See Motion, attached Proposed Default Judgment ¶ 5.

Swartz objects to the entry of a final judgment against Springfield Shooting because it might prejudice his rights. Swartz's counterclaim depends on the terms of the Policy and his alleged rights under the Policy. Swartz argues that entry of a final default judgment against Springfield Shooting would constitute a final determination that Tokio is not obligated

to provide coverage under the Policy. Such a finding could prejudice Swartz's counterclaim.

The requested default judgment would pose the prospect of inconsistent judgments in this case. The default judgment would declare that Tokio is not obligated under the Policy. Should Swartz prevail on his counterclaim, the Court would necessarily need to find that Tokio was obligated to provide coverage under the Policy to Swartz. Such inconsistent judgment should be avoided. Courts, therefore, generally delay entry of default judgments against a defendant insured in these types of declaratory judgment cases and allow co-defendants to litigate their claims on the merits. See American Standard Ins. Co. of Wisconsin v. Rogers, 123 F.Supp.2d 461, 466-47 (S.D. Ind. 2000).

Moreover, even if the Court entered a default judgment, the Court would not provide a finding under Rule 54(b) that no just reason exists to delay entry of a final judgment against Springfield Shooting. Tokio's claims against Springfield Shooting are interrelated to its claims against Swartz and Swartz's counterclaim against Tokio. All depend on the terms and conditions of the Policy and the alleged actions of Springfield Shooting's principle John Jackson with respect to the Fire and the subsequent claim of loss Springfield Shooting filed on the Policy. Multiple final judgments could

require the appeals court to hear multiple appeals involving the same issues and same facts. In such circumstances, a single judgment authorizing a single appeal is appropriate. See e.g., Peerless Network Inc. v. MCI Communications Services, Inc., 917 F.3d 538, 543 (7th Cir. 2019). The Court, therefore, would not enter a Rule 54(b) finding that no just reason exists for delay in any event. Any default judgment would be interlocutory and subject to change by this Court. See Fed. R. Civ. P. 54(b); 55(c).

THEREFORE, IT IS ORDERED that Plaintiff Tokio Marine Specialty Insurance Co.'s Motion for Default Judgment (d/e 49) is DENIED with leave to refile after the other claims and counterclaims pending in this case are resolved.

ENTER: June 7, 2019

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE